UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEQUAN PRUDE, BYRON BARRITEAU, RUBIN
CRUZ, MARVIN FORRESTER, JASON LEWIS,
MICHAEL LOMONACO, RONALD MARTIN,
DONALD MCLAURIN, JOEY MITCHELL, HORSONE
MOORE, BORN POLEDORE, RAYNOLD VOLTAIRE,
KAREEM WILLIAMS, ROY WILLIAMS, JAVON
WRIGHT, ELIJAH CRAWFORD,

        Plaintiffs,

        -against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
WARDEN FIDEL GONZALEZ AMKC, WARDEN
BRIAN RIORDAN AMKC, WARDEN PATRICK
WALSH, GMDC, CORRECTION OFFICER JOSEPH
COLLINS, CAPTAIN ANASTASIA HENDERSON,
CORRECTION OFFICER NICHOLAS ZITO,
CORRECTION OFFICER MILLER #14286,
CORRECTION OFFICER PALMER, CAPTAIN
MARTIN ALMONTE #552, CAPTAIN GREEN #689,
CORRECTION OFFICER JUAN NICHOLAS #14849,
CAPTAIN WILLIAMS, CORRECTION OFFICER
MORALES, CORRECTION OFFICER BOUCHER,
CAPTAIN LENNON, CAPTAIN MONTANA,
CORRECTION OFFICER GLOVER, CORRECTION
OFFICER LATINSEY, CORRECTION OFFICER JULIO
COLON #14351, CORRECTION OFFICER MOORE
#01298, CORRECTION OFFICER BRADBERRY #10398
CAPTAIN BROWN, CAPTAIN ROSS KESSLER #1150,
CAPTAIN DAVE MOLESAN #1230, CORRECTION
OFFICER JESSE VIRGE, #14350, CORRECTION
OFFICER PETER DILORENZO #14815, CORRECTION
OFFICER EDWIN JUSTINIANO #10721 CORRECTION
OFFICER ALVIN HAIRSTON #11682 CORRECTION
OFFICER OMAR ALSTON #14091, CORRECTION
OFFICER KELSEY BRAGG #15053, CORRECTION
OFFICER STEVEN KASPER #13155, CAPTAIN
ANTHONY GREEN #689, CORRECTION OFFICER
NOEL GERSHONOWITZ #15797, CAPTAIN CHARLES
DOOMES #1429, CORRECTION OFFICER PAMELA
BUCHANAN #15387, CORRECTION OFFICER
MIRIAM ANDERSON #13557, CORRECTION
OFFICER BOLDEN #14345, CORRECTION OFFICER
CAINES #12094, CORRECTION OFFICER HASAN
#1613, CORRECTION OFFICER SIBIA #14,



Docket No.

06-CV-3024 (RJS)(THK)

**THIRD AMENDED
COMPLAINT AND JURY
DEMAND**

CORRECTION OFFICER PECK #1790, CORRECTION OFFICER GRAVES #6623, CORRECTION OFFICER DONNELLY #15382, CORRECTION OFFICER VAN WILLIAMS #15037, CORRECTION OFFICER J. CLARK #12725, CORRECTION OFFICER RHODNEY MOORE #10188, ASSISTANT DEPUTY WARDEN GUARNERI #71, CORRECTION OFFICER BEACH #11721, CORRECTION OFFICER THOMAS PULIZZI #16050, CORRECTION OFFICER ERWIN WASHINGTON #14133, CORRECTION OFFICER ERVIN WEATHERL #14916, CAPTAIN REGINALD PATTERSON #1306, CORRECTION OFFICER ERNEST HOLLOWAY #10513, CORRECTION OFFICER JOSEPH CORREA #11035, CORRECTION OFFICER WILLIE BARNES #6179, CORRECTION OFFICER JACOBS #16134, CORRECTION OFFICER GORDON #10728, CORRECTION OFFICER CARITAS HENRY #16052, CORRECTION OFFICER SANDRA ELLIS #8501, CORRECTION OFFICER STANLEY JACKSON #10013, CORRECTION OFFICER CLAROS #9412, CORRECTION OFFICER DARREN MERCER #3038, CORRECTION OFFICER ROBERT CARSON #9769, CORRECTION OFFICER IRENE BONET #13771, CAPTAIN KEITH SKINNER, #304, CAPTAIN WILLIAM KELESSAR, #1042, CORRECTION OFFICER Y. BRYANT, #14482, CORRECTION OFFICER M. BOROUGHS, #9469, CAPT. MAYSONET, #1096, CORRECTION OFFICER ARTHUR ANDERSON, #13557, CORRECTION OFFICER ROBERT CARSON, #9769, CORRECTION OFFICER GREGORY PRINGLE #1721, CAPTAIN MICHAEL WILLIAMS #820,

Defendants                                          X

----

                                                    x

2

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incident that occurred on or about October 5, 2005, when officers of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiffs to assault and battery, or failed to intervene while others did so, and subsequently denied certain plaintiffs medical attention. Plaintiffs were also subject to threats by correction officers if they reported the incident.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §§1983, 1988 and the Eighth and Fourteenth Amendment to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in

3

the County of Queens, City and State of New York.

8. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9. Department of Correction Commissioner Martin F. Horn ("the Commissioner") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of correction officers, including the other individual defendant. The Commissioner is sued in his individual and official capacities.

10. Warden Fidel Gonzalez ("The Warden") at all times here relevant was the Warden of the Anna M. Kross Center, and, as such, was a policy maker with respect to medical treatment, as well as training, supervision, and discipline of DOC officers within the Center, including the other individual defendants. The Warden is sued in his individual and official capacities.

11. All defendant correction officers, Captains, and John Doe Correction Officers ## 1-50 (collectively, "the correction officers") were at all relevant times correction officers employed by the New York City Department of Correction, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Plaintiffs filed written Notices of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not

4

been settled or otherwise disposed of.

## EXHAUSTION OF REMEDIES

14. Correction officer on inmate assaults are non-grievable under New York City DOC's Inmate Grievance Resolution Program. Certain Plaintiffs filed complaints with the DOC's Inmate Grievance Resolution Program for denial of medical attention.

## FACTUAL ALLEGATIONS

15. On October 5, 2005, plaintiffs were incarcerated at the Anna M. Kross Center (AMKC) on Rikers Island, East Elmhurst, New York. Some plaintiffs were being held while criminal charges against them were still pending; the other plaintiffs were serving their sentences.

16. At approximately 9:00 p.m., correction officers were subduing an inmate -- who is not a party to this action -- inside of AMKC. Defendant correction officers then assaulted and battered plaintiffs with the sole purpose of causing them serious harm. Plaintiffs were not assaulted or battered for any legitimate security purpose.

17. Some injured plaintiffs had serious medical needs resulting from the assault. Nevertheless, defendant correction officers deliberately denied certain of these plaintiffs needed medical attention.

18. Defendant correction officers sought to cover up the assaults by causing false reports to be filed and threatening and intimidating some plaintiffs so that they would not truthfully report the incident. In addition, defendant correction officers disabled surveillance cameras so the assaults would not be captured on videotape.

19. Defendant correction officers harassed and intimidated plaintiffs after the incident.

20. At all times during the events described above, the defendant correction officers

5

were engaged in a joint venture. The individual officers acted pursuant to an agreement to assault inmates, and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

22. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their right to Due Process of Law under the 14th Amendment to the United Stated Constitution;

    b. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    c. Violation of their right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution;

    d. Violation of their right under the New York State Constitution Article 1 Section 5 to be free from cruel and unusual punishment;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and deprivation of property.

## FIRST CAUSE OF ACTION
(ASSAULT)

23. The preceding paragraphs are here incorporated by reference.

24. Upon approaching plaintiffs and hitting them, defendant correction officers made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

6

25. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

26. Each plaintiff was damaged by defendants' assault in the amount of One Million ($1,000,000) Dollars.

## SECOND CAUSE OF ACTION
(BATTERY)

27. The preceding paragraphs are here incorporated by reference.

28. Defendant correction officers engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them.

29. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

30. Each plaintiff was damaged by the battery of the defendants in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

31. The preceding paragraphs are here incorporated by reference.

32. Defendant correction officers engaged in shocking and outrageous behavior causing plaintiffs severe emotional and mental distress.

33. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

34. Each plaintiff was damaged by defendants' intentional infliction of emotional

7

distress in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

35. The preceding paragraphs are here incorporated by reference.

36. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

37. A damages remedy here is necessary to effectuate the purposes of Article 1 §§5 and 6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

38. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of One Million ($1,000,000.00) dollars.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

39. The preceding paragraphs are here incorporated by reference.

40. Defendant correction officers' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

41. As a result of defendant correction officer's tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged in the sum of One Million ($1,000,000) Dollars.

## SIXTH CAUSE OF ACTION
(42 USC § 1983- UNNECESSARY AND WANTON INFLICTION OF PAIN)

42. The preceding paragraphs are here incorporated by reference

43. Defendant correction officers applied force against plaintiffs maliciously and sadistically for the sole purpose of causing plaintiffs harm.

44. Defendant correction officers' actions caused plaintiffs' injuries.

8

45. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to their Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

46. Each plaintiff was damaged by defendant correction officers' malicious acts in the amount of One Million ($1,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
(42 USC § 1983- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

47. The preceding paragraphs are here incorporated by reference.

48. Defendants were aware that certain plaintiffs were in urgent need of serious medical attention. Nevertheless, defendants deliberately denied medical care to plaintiffs.

49. Defendants have acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to their Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

50. Each plaintiff was damaged by the deliberate indifference of the defendants in the amount of One Million ($1,000,000.00) Dollars.

### EIGHTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

51. The preceding paragraphs are here incorporated by reference.

52. Defendants New York City, the Commissioner and the Warden are liable for the damages suffered by plaintiffs as a result of the conduct of its employees, agents, and servants and the others whose names are currently unknown.

9

53. Defendants New York City, the Commissioner and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

54. The aforesaid event was not an isolated incident. The City, the Commissioner and the Warden have been aware for some time (from lawsuits, notices of claim and grievances filed with the Department of Correction) that many of their correction officers use force against inmates without justification in a malicious and sadistic manner for the sole purpose of causing them harm. The City, the Commissioner and the Warden have also been aware for some time through the same sources that many of their correction officers deny medical attention to inmates who have serious medical needs. The City, the Commissioner and the Warden are further aware that the improper training and supervision of its officers has resulted in the unnecessary and wanton infliction of force on inmates and denial of medical attention causing them to suffer serious harm. Moreover, the City, the Commissioner and the Warden are aware that a "wall of silence" exists whereby correction officers fail to truthfully report wrongful acts by fellow officers, causing correction officers to unlawfully assault inmates without fear of reprisal. Despite such notice, the City, the Commissioner and the Warden have failed to take corrective action. This failure caused the correction officers in the present case to violate plaintiffs' constitutional rights.

55. Defendants City, the Commissioner and the Warden has failed to take the steps to properly investigate misconduct, and to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this case of misconduct.

56. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

57. Defendant City, the Commissioner and the Warden have damaged plaintiffs by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving the misconduct of its correction officers.

58. Each plaintiff has been damaged as a result of the wrongful, malicious and illegal acts of defendant New York City in the amount of One Million ($1,000,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of One Million ($1,000,000.00) dollars of each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) dollars on each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         April 26, 2006

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Commissioner Martin F. Horn
Department of Correction for the
City of New York
60 Hudson Street
New York, NY 10013

Warden Fidel Gonzalez
Anna M. Kross Detention Center
Department of Correction for the
City of New York
60 Hudson Street
New York, NY 10013

Captain Anastasia Henderson
9208 Holland Avenue
Rockaway Beach, NY 11693

Correction Officer Nicholas Zito
18 Garson Avenue
Staten Island, NY 10305

Correction Officer Joseph Collins

Captain Martin Almonte
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Captain Green
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Captain Williams
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Captain Lennon
C/O Personnel Captain

Yours, etc.,

Stoll, Glickman & Bellina L.L.P.
By Leo Glickman, Esq. (LG3644)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507
lglickman@stollglickman.com

12

Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Captain Montana
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Miller
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Palmer
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Nicholas
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Morales
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Boucher
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Glover
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Latinsey
C/O Personnel Captain

Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Colon
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Moore
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Correction Officer Bradberry
#10398
C/O Personnel Captain
George Motchan Detention Center
15-15 Hazen Street
East Elmhurst, NY 11370

Captain Brown
C/O Personnel Captain
Anna M. Kross Detention Center
18-18 Hazen Street
East Elmhurst, NY 11370

Captain Ross Kessler
Shield # 1150

Capt. Dave Molesan
Shield # 1230

Correction Officer Jesse Virge
Shield # 14350

Correction Officer Pete D. Lorenzo
Shield # 14815

Correction Officer Edwin
Justiniano
Shield # 10721

Correction Officer Alvin Hairston
Shield # 11682

14

Correction Officer Omar Alston
Shield # 14091

Correction Officer Kelsey Bragg
Shield # 15053

Captain Anthony Green
Shield # 689

Correction Officer Noel Gershonowitz
Shield # 15797

Captain Charles Doomes
Shield # 1429

Correction Officer Steven Kasper
Shield # 13_55

Correction Officer Pamela Buchanan
Shield # 15387

Correction Officer Miriam Anderson
Shield # 13557

Correction Officer Caines
Shield # 12044

Correction Officer Hasan
Shield # 16130

Correction Officer Sibia
Shield # 14

Correction Officer Caritas Henry
Shield # 16052

Correction Officer Sandra Ellis
Shield # 8501

Correction Officer Stanley Jackson
Shield # 10013

Correction Officer Peck
Shield # 1790

Correction Officer Graves
Shield # 6623

Correction Officer Donnelly
Shield # 15382

Correction Officer Williams
Shield # 15037

Correction Officer J. Clark
Shield # 12725

Correction Officer Miller
Shield # 14286

Correction Officer Rhodney Moore
Shield # 10188

Correction Officer Julio Colon
Shield# 14351

Assistant Deputy Warden Guarneri
Shield # 71

Correction Officer Michael Beach
Shield# 11721

Correction Officer Erwin Washington
Shield# 14133

Correction Officer Ervin Weatherl
Shield # 14916

Captain Reginald Patterson
Shield # 1306

Correction Officer Ernest Holloway
Shield # 10513

Correction Officer Joseph Correa
Shield # 11035

Correction Officer Willie Barnes
Shield # 6179

Correction Officer Claros
Shield # 9412

Correction Officer Darren Mercer
Shield # 3038

Correction Officer Robert Carson
Shield # 9769

Captain Keith Skinner
Shield # 304

Correction Officer Irene Bonet
Shield # 13771

Correction Officer Y. Bryant
Shield #14482

Correction Officer A. Bolden
Shield #14345

Capt. William Kelessar
#1042

Correction Officer Arthur Anderson
Shield #13557

Correction Officer Thomas Pulizzi
Shield #16050

Capt Maysonet
Shield 1096

CO M. Boroughs
9469

Correction Officer Gregory Pringle
Shield # 1721

Captain Michael Williams
Shield #820

17